**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| REBEKAH JOHNSON, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 5:08-CV-65-CAR-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **Legal Standard**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*  The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Issues

I. **Whether the ALJ erred in relying on the VE's testimony as to jobs within Claimant's RFC.**

II. **Whether the ALJ improperly evaluated the opinions of the state agency psychologists.**

III. **Whether the ALJ improperly evaluated the opinions of the treating social worker and psychiatrist.**

IV. **Whether the ALJ erred in failing to consider the effect of Claimant's treatment regimen on her ability to sustain full-time work.**

**V.      Whether the ALJ erred in failing to consider Claimant's obesity.**

### Administrative Proceedings

Claimant filed for disability benefits on February 9, 2005. (T-62). Claimant's application was denied initially and on reconsideration. Claimant timely filed a request for a hearing before an administrative law judge which was ultimately held on March 27, 2007. (T-491-519). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated June 29, 2007. (T-18-27). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-6-8).

### Statement of Facts and Evidence

Claimant alleges in her disability application that she is disabled due to a lower back injury, depression, anxiety, bipolar disorder, and nausea. (T-84). After examining the medical records, the ALJ determined that Claimant had lumbar disc disease and bipolar disorder, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-20-21). Thereafter, the ALJ found that Claimant had the residual functional capacity lift and carry 20 pounds occasionally and 10 pounds frequently; to sit, stand, and walk (with normal breaks) about 6 hours in an 8-hour workday; to occasionally stoop/bend and climb stairs and ramps; and to perform simple, repetitive tasks and have incidental contact with the public. (T-21). The ALJ further found that Claimant should avoid use of her hands, work above shoulder level, and hazards such as height and open machinery. *Id*. The ALJ then determined that Claimant could not

perform any of her past relevant work as a cigarette maker catcher/inspector and a machine operator because, although the tasks fit within her RFC as sedentary to light in exertion, they required her to perform repetitive tasks with her hands and work around hazardous machinery, functions outside her RFC. (T-26). The ALJ relied on the testimony of the Vocational Expert (VE) to determine that, based on Claimant's age, education, work experience and residual functional capacity, jobs existed in significant numbers in the national economy which she could perform. (T-26-27). For that reason, the ALJ found that Claimant was not disabled. (T-27).

## Discussion

**I.    Whether the ALJ erred in relying on the VE's testimony as to jobs within Claimant's RFC.**

Claimant argues that the ALJ improperly relied on the VE's testimony because it conflicted with the Dictionary of Occupational Titles (DOT). (R-12, p. 5-6). The ALJ found, as part of his assessment of Claimant's residual functional capacity (RFC), that Claimant is limited to incidental contact with the public. (T-21). The VE testified that Claimant could perform work as a parking lot cashier, photo finishing counter clerk, or information clerk. (T-517). Claimant argues that the DOT entries show that these jobs require significant dealing with people. (R-12, p. 5-6). Claimant contends that her RFC would preclude her from performing the listed jobs because of the requisite people skills. (R-12, p. 6). Claimant argues that the ALJ failed to take administrative notice of the DOT's provisions and failed to obtain an explanation for the conflict in violation of SSR 00-4p. *Id*.

Social Security Ruling 00-4p states:

> Occupational Evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an **apparent unresolved conflict** between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

*Id*. (emphasis added). Further, this Court is bound by the precedent in *Miller v. Commissioner of Social Security*, 246 Fed. Appx. 660 (11th Cir. 2007). In *Miller*, the Eleventh Circuit held that "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" *Id*. at 662 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9 (1990)). The Court goes on to state: "agency rulings do not bind this Court . . . but are to be relied upon as precedents in determining other cases where the facts are basically the same." *Id*. (citations and quotations omitted). Reviewing SSR 00-4p, the Eleventh Circuit stated, "Our precedent establishes that the testimony of a vocational expert 'trumps' an inconsistent provision of the DOT in this Circuit." *Id*.

At the hearing in this case, the ALJ's hypothetical included the following characteristics:

> [T]his worker should have incidental contact with the public. That's a very superficial degree of exposure. This is a worker who should not be in a closed-in workspace requiring interaction with the public, with a team. Close supervision is all

> right for this hypothetical worker. I mean, it's not an isolated position like a fire tower. But it's not involving frequent action, or even more than occasional interaction with the public or coworkers.

(T-517). In response to the ALJ's hypothetical, the VE testified that Claimant could perform the jobs of cashier in a parking lot, counter clerk in the photo finishing industry, or information clerk in business services. (T-518). Then, the ALJ asked the VE whether her testimony was consistent with the DOT. (T-518). No conflicts were noted by the VE during her testimony nor did Claimant's attorney cite to any potential conflict. Because there was no "apparent conflict" between the VE's testimony and the DOT, the ALJ was not required under SSR 00-4p to elicit a "reasonable explanation" from the VE as to the supposed conflict.

Furthermore, this Court has held that courts that have considered the issue have refused remand when the conflict between the VE's testimony is not identified during the hearing or in the ALJ's decision if the claimant was represented by counsel during the hearing and the VE was subject to cross examination. *Massey v. Astrue*, 2008 WL 623196, at *7 (M.D. Ga. March 4, 2008). "In short, the ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT." *Id.* Therefore, no error is found in the ALJ's reliance on the testimony of the VE.

**II.     Whether the ALJ improperly evaluated the opinions of the state agency psychologists.**

Claimant argues that the ALJ erred by not stating his reasons with particularity for adopting or discounting the opinions from the non-examining state agency psychologists. (R. 12, p. 10-11). To support this allegation, Claimant cites SSR 96-6p and a number of Eleventh Circuit decisions, including *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987) (requiring the ALJ to "state with particularity" the weight he gave the medical opinions in the Claimant's record). SSR 96-6p states:

> 1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
>
> 2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions . . . .

Claimant contends that the ALJ did not state the extent to which he credited the non-examining psychologists' evaluations, as is required by the regulations and case law. (R-12, p. 10). In his Findings, although the ALJ did not discuss each exhibit individually, the ALJ reviewed the entire record and particularly accorded "significant weight" to the opinions of the state agency medical consultants set forth in Exhibits B-8F and B-10F (T-25). No error is found.

Moreover, Claimant's contention that the ALJ erred by finding Claimant's limitations less severe than the non-examining psychologists lacks merit. The ALJ is not required accept

the medical opinions of a physician if he finds that the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). It is found that the ALJ applied the appropriate legal standards and relied on the opinions of the state agency non-examining psychologists which he deemed were supported by the evidence.

### III.     Whether the ALJ improperly evaluated the opinions of the treating social worker and psychiatrist.

Claimant contends that the ALJ erred when he failed to accord substantial weight to the opinions of Claimant's treating physicians, Sujataha Reddy, M.D. ("Dr. Reddy") and Roz Goudeau, LCSW ("Ms. Goudeau") without showing good cause. (R-12, p. 12-22). As a preliminary matter, as a social worker, Ms. Goudeau is not an acceptable medical source. 20 C.F.R. §§ 404.1513(a), (d)(1); 20 C.F.R. §§ 416.913(a), (d)(1). As such, her opinion is not considered a medical opinion. 20 C.F.R. § 404.1527(a)(2). In the case of a treating physician like Dr. Reddy, the treating physician's opinion is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985).

A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the

physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a); *see also* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any

relevant Listing. 20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. § 404.1527(e); *see also* SSR 96-5p.

The record reveals that the ALJ thoroughly discussed Claimant's medical records, including records provided by Ms. Goudeau and Dr. Reddy. Concluding that said opinions were "not supported by the objective record," the ALJ discounted the opinions of Claimant's treating physicians because "the objective record does not confirm limitations to the extent reported therein. Most of the claimant's mental health therapy is family counseling and the claimant's condition has improved without complex care during the period under consideration." (T-25). The ALJ also concluded that Claimant's diverse daily activities weighed strongly against a finding of disability. (T-26). In reaching these conclusions, the ALJ applied the proper legal standard and his conclusions are supported by substantial evidence.

Further, Claimant specifically alleges that her low Global Assessment Functioning (GAF) score provides the necessary record support for the opinions of Ms. Goudeau and Dr. Reddy. In support of her contention, Claimant cites *McCloud v. Barnhart*, 166 Fed. Appx. 410, 418 (11th Cir. 2006), standing for the proposition that inability to determine from the record the weight the ALJ placed on a GAF score constitutes reversible error. However, *McCloud* is distinguishable. In *McCloud*, the issue dealt with the ALJ's erroneous labeling

of the claimant's GAF score as resulting in moderate impairments instead of severe impairments. Specifically, the Court acknowledged that the ALJ erred "when he labeled McCloud's . . . GAF score [of 45] as reflective of moderate symptoms," instead of "severe impairments," which was why the Court remanded the case. *Id.* at 418. In support of this distinction, in *Arrington v. Astrue,* 2008 WL 1925117 (M.D. Ala. May 1, 2008), which based its holding on *Smitherman v. Astrue*, 2008 U.S. Dist. LEXIS 29933, at *18-22 (M.D. Ala. Apr. 10, 2008), the district court held that "[b]ecause the ALJ clearly stated he considered all record evidence concerning the claimant's psychiatric complaints, the Court could reasonably infer that the ALJ did not find the claimant's low GAF score controlling and afforded that evidence little to no weight, as compared to the record evidence as a whole." Furthermore, the Commissioner has declined to endorse the GAF scale for "use in the Social Security and SSI disability programs," and has indicated that GAF scores have no "direct correlation to the severity requirements [of the] mental disorders listings." 65 Fed. Reg. 50746, 50764-65 (2000). Thus, although GAF scores can be helpful in an ALJ's decision making process, they are not determinative.

From the discussion in his Findings, it is clear that, in this case, the ALJ properly discounted the Claimant's GAF scores. The ALJ applied the correct standards concerning diagnosis, statements, and the opinions of the treating physicians and explained the weight given to the medical evidence. As such, the ALJ showed good cause in discounting Ms. Goudeau's and Dr. Reddy's opinions, and no error is found.

## IV.     Whether the ALJ erred in failing to consider the effect of Claimant's treatment regimen on her ability to sustain full-time work.

Claimant briefly contends that the ALJ erred by failing to consider the effects of Claimant's treatment regimen on her ability obtain substantial, gainful employment. (R-12, p. 23). Claimant contends that the treatment records of Dr. Reddy and Ms. Goudeau show that in the past 3.5 years, Claimant was a psychiatric inpatient for 14 days, attended 80 or more outpatient mental treatment sessions, and attended physical treatment appointments. (R-12, p. 23). Claimant assigns error to the ALJ's failure to consider the effect of Claimant's absences on her ability to work on a regular and continuing basis. *Id*.

As discussed above, it is found that the ALJ clearly articulated his reasons for giving less weight to the opinions of Dr. Reddy and Ms. Goudeau and that his reasons constitute good cause. As such, no error is found in the ALJ's decision to discount the opinion of Dr. Reddy and Ms. Goudeau regarding the amount of time Claimant would be absent from work.

## V.     Whether the ALJ erred in failing to consider Claimant's obesity.

Claimant alleges that the ALJ erred in failing to consider Claimant's obesity alone or in combination with her other alleged impairments. (R-12, p. 23-26). As is noted above, Step 2 requires the Commissioner to determine whether the claimant has an impairment which prevents the performance of basic work activities; i.e. whether the claimant has any severe impairments. Further, the burden is on Claimant to present evidence of any claimed impairment and/or any combination of impairments. The ALJ "is under no 'obligation to

investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'" *Street v. Barnhart*, 133 Fed. Appx. 621, 627 (11th Cir. 2005) (quoting *Pena v. Charter*, 76 F.3d 906, 909 (8th Cir. 1996)). Further, where the Claimant is represented by council, the ALJ is not subject to a heightened duty to discover all of the facts relevant to a claimant's disability claim. *Id.*

Claimant asserts that she is indisputably obese and that she complained of pain in a weight bearing joint and depression, impairments which the ALJ should have inferred were caused or contributed to by obesity. (R-12, p. 28). The Commissioner points out and this Court agrees that a review of the record shows that Claimant did not expressly allege in her Disability Report or in any other documentation related to her claim that obesity, alone or in combination with any other impairment, prevented her from performing basic work activities. (T-63-69, 84-90, 114-20, 133-39). At the hearing, Claimant testified that she gained 80 pounds and that she weighed 140 pounds when she left work, but neither she nor her attorney offered obesity as an impairment leading to Claimant's disability. (T-501, 511).

This Court finds that the ALJ did not err in failing to consider Claimant's obesity. In fact, in his Findings, the ALJ acknowledges Claimant's weight gain as well as medical records noting that Claimant lost 12 pounds in March 2004, which loss increased to 24 pounds by July 2004. (T-23). The record shows that the ALJ fully reviewed Claimant's alleged impairments, stating, "I have given consideration to the claimant's musculoskeletal and mental complaints," and thereby finding that Claimant's impairments, alone or

14

combined, did not meet or medically equal listed levels. (T-21). The ALJ was under no obligation to further consider impairments Claimant did not allege.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 18th day of December, 2008.

                                       S/ G. MALLON FAIRCLOTH
                                       UNITED STATES MAGISTRATE JUDGE

lml